# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| RIVER OAKS HOLDINGS, INC. ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 08-11264 (BLS) |
| In re: ) | |
| ) | |
| RIVER OAKS MEDICAL CENTER, LP, ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 08-11354 (BLS) |
| ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 105(a) AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

River Oaks Holdings, Inc. ("Holdings") and River Oaks Medical Center, L.P. ("Hospital"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") the Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors are the following entities: River Oaks Holdings, Inc., (Tax ID No. xx-xxx4472), 2815 Coliseum Centre Drive, Suite 150, Charlotte, NC 28217 and River Oaks Medical Center, L.P. (Tax ID No. xx-xxx0718), 2815 Coliseum Centre Drive, Suite 150, Charlotte, NC 28217.

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408.

2. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## INTRODUCTION

3. On June 23 and July 2, 2008 (collectively, the "Petition Date"), Holdings and Hospital, respectively, commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Phillip D. Robinson in Support of First Day Relief (the "Robinson Declaration") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek the entry of an Order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, authorizing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only.

6. The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RIVER OAKS HOLDINGS, INC., *et al.*,[1] | ) |
| | ) Case No. 08-11264 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

\* \* \*

---

[1] The Debtors are the following entities: River Oaks Holdings, Inc., (Tax ID No. XX-XXX4472), 2815 Coliseum Centre Drive, Suite 150, Charlotte, NC 28247 and River Oaks Medical Center, L.P. (Tax ID No. XX-XXX0718), 2815 Coliseum Centre Drive, Suite 150, Charlotte, NC 28247.

7. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 08-11264 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> (a) River Oaks Holdings, Inc., Case No. 08-11264; (b) River Oaks Medical Center, L.P., Case No. 08-11354.

8. Finally, the Debtors request that the Court authorize the Debtors to utilize a combined service list for the jointly-administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

### BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 1015 and Local Rule 1015-1 specifically allow for the joint administration of bankruptcy cases involving a debtor and its affiliates. See Fed. R. Bankr. P. 1015(b); Local Rule 1015-1. Holdings and Hospital are "affiliates" within the meaning of § 101(2) of the Bankruptcy Code because Holdings serves as a limited partner for Hospital. As

such, the joint administration of these cases is expressly authorized pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1.

10. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. The Robinson Declaration establishes that joint administration of these cases is warranted because (i) Holdings serves as the limited partner for Hospital and (ii) the Debtors have many common creditors and overlapping business operations. Moreover, the Debtors' reorganization will be administered most efficiently and economically on a joint basis without any detriment to the various creditor constituencies.

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in these cases will affect all of the Debtors. With two (2) affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of documents.

12. Joint administration will permit the clerk to use a single docket for the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

4

13. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above. The Debtors submit that use of the simplified caption, without reference in the caption itself to all two (2) of the Debtors, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

## NOTICE

15. Notice of the hearing on this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (c) counsel for GE Business Financial Services f/k/a Merrill Lynch Business Financial Services Inc.; (d) counsel for New Enterprise Associates 10, L.P.; and (e) counsel for MPT of Twelve Oaks, L.P. The Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief sought in the Motion has been made to this Court or any other court.

5

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto as **Exhibit A**, (i) authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (ii) granting such other and further relief as this Court deems just and proper.

Dated: July 7, 2008　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP
　　　　　Wilmington, Delaware

_____
Derek C. Abbott (#3376)
Curtis S. Miller (#4583)
Kelly M. Dawson (#4786)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
Fax: (302) 658-3989

*Proposed Attorneys for Debtors and Debtors-in-Possession*

2372239.4